**JISHU DONG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–2522–ag.**

United States Court of Appeals, Second Circuit.

April 17, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Douglas B. Payne, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Janice K. Redfern, Dimitri N. Rocha, Attorneys, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Jishu Dong, a native and citizen of the People's Republic of China, seeks review of the May 18, 2007 order of the BIA affirming the June 20, 2005 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa, denying Dong's application for withholding of removal. *In re Jishu Dong*, No. A96 208 707 (B.I.A. May 18, 2007), *aff'g* No. A96 208 707 (Immig. Ct. N.Y. City June 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA upholds the IJ's denial of relief but affirms only certain portions of the IJ's decision, we review the IJ's decision "minus the ... argument[s] for denying relief that [were] rejected by the BIA." *Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Dong Gao*, 482 F.3d at 126.

We find that substantial evidence supports the agency's adverse credibility determination because the IJ's implausibility findings were "tethered to record evidence"—i.e., Dong's own actions and testimony—and "there is nothing else in the record from which a firm conviction of error could properly be derived." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir.2007).

Although Dong's arrest in the United States was not material to her asylum claim, the agency properly took into ac-

count the fact that Dong was not forthcoming in her testimony about the circumstances of that arrest. *Cf. Shu Wen Sun v. BIA,* 510 F.3d 377, 381 (2d Cir.2007) (noting that this Court gives "particular deference" to an IJ's assessment of an applicant's demeanor, which includes findings that an applicant "was evasive and non-responsive in a manner that suggested untruthfulness, rather than nervousness or difficulty comprehending the proceedings" (internal quotation marks and citation omitted)).

Furthermore, the IJ properly noted inconsistencies in the record regarding whether Dong had worked as a prostitute in the United States and whether she discussed this with immigration officials. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006) (noting that when examining an applicant's testimony, "an IJ need not consider the centrality *vel non* of each individual discrepancy or omission . . . and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence"). Because the IJ's credibility findings with regard to Dong's arrest were "based upon neither a misstatement of the facts in the record nor bald speculation or caprice," we will not disturb them. *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

Additionally, the IJ found unreliable a certificate from the hospital where Dong was allegedly forced to have an abortion. That finding was supported by specific, cogent findings—i.e., the absence of the precise date of the abortion despite Dong's assertion that the hospital maintained records reflecting the precise date of the abortion—and, therefore, is entitled to def-

erence. *See Niang v. Mukasey,* 511 F.3d 138, 146 (2d Cir.2007); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (noting that the weight afforded to the applicant's evidence lies largely within the discretion of the IJ). Because the IJ already reasonably believed that Dong was not credible, it was not improper for the IJ to base her adverse credibility determination in part on the fact that Dong failed to submit evidence (other than the hospital certificate) of her month-long hospitalization following the alleged abortion, a statement from her husband or sister, and photos of her husband and son. *See Xiao Ji Chen,* 471 F.3d at 341.

The foregoing findings demonstrate that the IJ's adverse credibility determination was supported by substantial evidence. *See Zhou Yun Zhang,* 386 F.3d at 74. Accordingly, the Agency's denial of Dong's application for withholding of removal was not improper.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Dong's pending motion for a stay of removal in this petition is DISMISSED as moot.